**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Jay Steinfeld and Barbara Winthrop, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-4989 |
| | § | |
| American Zurich Insurance Company, | § | |
| | § | |
| *Defendant*. | § | |

**JUDGE PALERMO'S
REPORT AND RECOMMENDATION**

This is an insurance dispute.[1] Defendant American Zurich Insurance Company ("American Zurich") removed this case from state court to federal court. ECF No. 1. Plaintiffs Jay Steinfeld and Barbara Winthrop ("Plaintiffs") move to remand to state court. ECF No. 5. American Zurich responded. ECF No. 9. Having considered the parties' briefing and the applicable law, the Court recommends Plaintiffs' motion be granted.

## I.     BACKGROUND

In 2021, Plaintiffs began building a new home in Houston, Texas. ECF No. 1-2 ¶ 8. To protect their home, Plaintiffs purchased a builder's risk insurance policy from American Zurich for the period April 1, 2023, through April 1, 2024. *Id.* ¶ 9.

During the construction process, Sheet Metal Crafts LLC ("Sheet Metal") was

---

[1] The district judge to whom this case is assigned referred all pretrial proceedings under 28 U.S.C. § 636. Order of Referral, ECF No. 6.

hired as a subcontractor. *Id.* ¶ 11. On July 25, 2023, while performing "hot work" on the home's roof, Sheet Metal "ignited certain roofing materials and portions of the previously installed roof," starting a fire that caused substantial damage. *Id.* ¶¶ 11, 14–15.

After the fire, American Zurich twice inspected the property for damage. On the first inspection, Plaintiffs claim it "understated the damage . . . and failed to promptly and fully pay th[e] claim." *Id.* ¶ 16. On the second inspection, American Zurich sent several individuals to assess the damage but, "[t]o date," has "not provided any updated estimates or reports from its second inspection." *Id.* As a result, Plaintiffs "have been forced to spend out of pock funds to remediate" some of the damage, "pay their general contractor, and retain their own team of" damage experts. *Id.* ¶ 17. They estimate the damage to exceed $4 million. *Id.* ¶ 18.

On October 25, 2024, Plaintiffs sued American Zurich and Sheet Metal in Texas state court. ECF No. 1-2. Against American Zurich, they asserted seven claims for:

- violations of Texas Insurance Code §§ 541.060(a)(2)(A), 542.055(a)(1), and 542.060, *id.* ¶¶ 22–38 (counts I–III);

- breach of contract, *id.* ¶¶ 39–40 (count IV);

- breach of good faith and fair dealing, *id.* ¶¶ 41–42 (count V);

- punitive damages for bad faith, *id.* ¶¶ 43–44 (count VI);

- and violations of the Texas Deceptive Trade Practices Act, *id.* ¶¶ 45–47 (count VII).

Against Sheet Metal, Plaintiffs asserted one claim for negligence. *Id.* ¶¶ 48–52 (count VIII).

Almost a year later, in September 2025, American Zurich asked the state court to sever the "tort cause of action against Sheet Metal . . . (Eighth cause of action) related solely to its negligence into a separate and independent lawsuit." ECF No. 5 at 3 (quoting ECF No. 5-3 at 5). As is customary, American Zurich filed with its motion a proposed order that stated: "It is hereby **ORDERED** that the Eighth cause of action against Sheet Metal Crafts, LLC[,] is severed into a separate and independent lawsuit from the claims asserted by Plaintiffs . . . against American Zurich." *Id.* (emphasis in original) (quoting ECF No. 5-4 at 1). "Plaintiffs opposed the motion." *Id.*

On October 13, 2025, the state court granted American Zurich's motion—in part. By crossing out words in some places and inserting words in others, the court created its own modified order from American Zurich's proposed order. The amalgamation reads: "It is hereby **ORDERED** that the Eighth cause of action[2]

---

[2] The parties dispute whether the severance order is ambiguous because Plaintiffs' "Eighth cause of action" is against Sheet Metal, not American Zurich. ECF No. 1-2 ¶¶ 48–52. After reviewing the severance order and the accompanying hearing transcript, the Court finds this error to be a mere scrivener's error. Though inartful, the order states severance applies only to the extracontractual claims against American Zurich, leaving the negligence claim against Sheet Metal and contract claim against Zurich together in the main action.

against ~~Sheet Metal Crafts, LLC~~ American Zurich is severed into a separate and independent lawsuit . . . ONLY as to causes of actions involving extra-contractual matters. The underlying contract cause of action shall be tried in the main case." ECF No. 5-5 at 1 (emphasis in original).

American Zurich wasted no time. Seven days after the state court issued the severance order, it removed the severed extracontractual claims to federal court. ECF No. 1.

Plaintiffs now move to remand. ECF No. 5.

## II.    REMOVAL AND REMAND

Federal courts have "diversity jurisdiction over a civil action between citizens of different States if the amount in controversy exceeds $75,000." *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 473 (5th Cir. 2022) (quoting *Flagg v. Stryker Corp.*, 819 F.3d 132, 135 (5th Cir. 2016) (en banc)). Diversity jurisdiction "requires complete diversity—if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." *Id.* (quoting *Flagg*, 819 F.3d at 136).

Normally, a defendant may remove a case from state to federal court if the suit "could have originally been filed in federal court." *Id.* (citing 28 U.S.C. § 1441(a)). A defendant may also remove if the case was not originally removable but later "become[s] removable" by filing a removal notice within 30 days.

28 U.S.C. § 1446(b)(3). A defendant may not remove a case based on diversity jurisdiction, however, "more than 1 year after commencement of the [state-court] action." *Id.* § 1446(c)(1).

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Allstate Vehicle & Prop. Ins. Co. v. LG Elecs. U.S.A., Inc.*, No. CV H-23-4332, 2024 WL 150733, at *2 (S.D. Tex. Jan. 12, 2024) (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). "Because removal jurisdiction raises significant federalism concerns, the removal statute is strictly construed, 'and any doubt about the propriety of removal must be resolved in favor of remand.'" *Id.* (quoting *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007)).

### III.   PLAINTIFF'S MOTION TO REMAND SHOULD BE GRANTED.

As an initial matter, it is undisputed that Plaintiffs' original state-court suit— against both American Zurich and Sheet Metal—was not removable because Sheet Metal is a Texas citizen, same as Plaintiffs. ECF No. 1-2 ¶ 5; ECF No. 9 at 12 (explaining that Sheet Metal was "the only non-diverse party that destroyed diversity in the original action"). When the state court severed that case, two sprung up in its place: one with Plaintiffs' contract claims against American Zurich *and* their negligence claim against Sheet Metal, and another with only the extracontractual claims against American Zurich. The first remains in state court; American Zurich

removed the second one to this Court.

The parties do not dispute that complete diversity exists between Plaintiffs and American Zurich. *See* ECF No. 1-2 ¶¶ 2–3 (alleging Plaintiffs are citizens of Texas; American Zurich is a foreign company); ECF No. 9 at 17 (explaining that American Zurich is a "New York corporation with its principal place of business in Illinois"). Nor do they dispute that the amount in controversy is greater than $75,000. ECF No. 1-2 ¶ 7 (seeking "monetary relief in an amount over $1,000,000); ECF No. 9 at 17 ("These claims involve an amount in controversy over $75,000."). So, as it stands, the Court has diversity jurisdiction over Plaintiffs' claims against American Zurich.

To recap: Plaintiffs' original case could not have been filed in federal court because it lacked diversity. A portion of it subsequently became removable because it was severed, and American Zurich timely removed.[3] By all accounts, that should end the inquiry.

However, Plaintiffs argue the Court should remand for several reasons. One is persuasive.

### A. Plaintiffs Did Not Voluntarily Create Diversity.

Plaintiffs argue that removal was inappropriate because diversity was created by the state court's opposed severance order, not voluntarily by Plaintiffs. ECF No. 5

---

[3] American Zurich filed within the 30-day limit under 28 U.S.C. § 1446(b)(3) and the 1-year limit under § 1446(c)(1). ECF No. 9 at 17.

at 13–14. This argument "implicates the federal removal statute, a judge-made exception to the statute, and a judge-made exception to *that* exception." *Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 295 (5th Cir. 2019) (emphasis in original), as revised (Aug. 23, 2019). While there is case law dealing with somewhat similar situations, neither the parties nor the Court were able to find a case quite like this one—where a state court severed *some* claims against one defendant, forcing it to proceed in one case that is still not removable and another case that became removable, both with overlapping and interrelated claims. Armed with nothing but black-letter law and general principles, the Court must wade into the dense "doctrinal thicket" to resolve this unprecedented issue. *Id.* at 295.

First, the easy part: statutory text provides that a defendant may remove a case if it was not originally removable but later "become[s] removable." 28 U.S.C. § 1446(b)(3). American Zurich did just that, removing this case after the state court's severance made Plaintiffs' extracontractual claims removable by separating them from diversity-destroying Sheet Metal.

"But this is an area thick with binding precedent," and "precedent tells us removability under §§ 1441 and 1446 is subject to a judge-made exception." *Hoyt*, 927 F.3d at 295. That exception is called the voluntary-involuntary rule: "'Where the case is not removable because of joinder of defendants,' *only* 'the voluntary dismissal or nonsuit by the plaintiff' . . . can convert a nonremovable case into a

removable one." *Id.* (original alterations adopted and emphasis in original) (quoting *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918)). As the Fifth Circuit puts it, "an action nonremovable when commenced may become removable thereafter *only* by the voluntary act of the plaintiff." *Id.* (emphasis added) (quoting *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006)).

Here, Plaintiffs' original action against American Zurich and Sheet Metal was nonremovable when commenced because it lacked diversity. Diversity only obtained when the state court severed the extracontractual claims against American Zurich, which Plaintiffs opposed. ECF No. 5 at 14. Thus, removal was improper under the voluntary-involuntary removal rule because Plaintiffs took no *voluntary* action to make the case removable.

However, the "judicially created voluntary-involuntary rule is *itself* subject to a judicially created exception for improper joinder." *Hoyt*, 927 F.3d at 295 (emphasis in original). "[T]he voluntary-involuntary rule is inapplicable" when "the non-diverse defendant was improperly joined." *Id.* (quoting *Crockett*, 436 F.3d at 532). "The removing party may prove improper joinder by demonstrating: (1) actual fraud in the pleading of jurisdictional facts; or (2) the inability of the plaintiff to establish a cause of action against the nondiverse defendant in state court." *Singleton v. Freymann*, No. 2:25-CV-00030, 2025 WL 2200742, at *2 (S.D. Tex. July 17, 2025), *adopted*, No. 2:25-CV-00030, 2025 WL 2197141 (S.D. Tex. Aug. 1, 2025).

American Zurich does not allege any fraud in the pleadings. Therefore, the only question is whether Plaintiffs can establish a cause of action against Sheet Metal, as pled in their original state-court petition. To determine this, the Court evaluates "the factual allegations in the light most favorable to the [Plaintiffs], resolving all contested issues of substantive fact in [their] favor." *Id.* (quoting *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005)). Texas substantive law governs. *Id.* (explaining that "state substantive law" controls). "The motion to remand must be granted unless 'there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court.'" *Id.* (quoting *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)).

Here, Plaintiffs asserted a negligence claim against Sheet Metal. ECF No. 1-2 ¶¶ 48–52. To state a negligence claim under Texas law, a plaintiff must establish "(1) a legal duty; (2) a breach of that duty; and (3) damages proximately resulting from the breach." *Bandit v. Rowland Truck Lines, Inc.*, No. 3:23-CV-299, 2024 WL 7035947, at *1 (S.D. Tex. Apr. 3, 2024) (quoting *Elephant Ins. Co. v. Kenyon*, 644 S.W.3d 137, 144 (Tex. 2022)). In their state-court petition, Plaintiffs allege that Sheet Metal "had a duty to protect [their] property while working on the roof," Sheet Metal "breached that duty when it negligently ignited roofing materials while performing 'hot work' on the . . . roof," and they suffered damage to their real and

personal property as a result. ECF No. 1-2 ¶¶ 49–50, 52. American Zurich does not dispute that Plaintiffs adequately pled a negligence claim against Sheet Metal and provides no other reason they would be unable to establish a claim against Sheet Metal. Thus, the Court concludes that Sheet Metal was not improperly joined. The exception to the voluntary-involuntary rule therefore does not apply. Thus, the rule applies, and removal was improper because Plaintiffs took no voluntary action to make their case removable.

American Zurich tries to resist this conclusion, contending that "Plaintiffs' decision to include Sheet Metal (and their singular negligence claim against [it]) in the original state court proceeding . . . was an attempt to destroy diversity." ECF No. 9 at 27. According to American Zurich, the negligence claim against Sheet Metal "is entirely unrelated to the duties [it] owed to Plaintiffs under their insurance contract . . . or [its] post-loss handling of an insurance claim." *Id.* The Court disagrees.

A plaintiff may properly join defendants if "any right to relief is asserted against them . . . arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law *or fact* common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2) (emphasis added). Here, American Zurich admits that "all of the claims" against it and Sheet Metal "share a similar factual background—the fire loss." ECF No. 9 at 27. In other words,

Plaintiffs' claims against both Defendants arise out of the same occurrence—the roof fire—and factual questions surrounding the fire and the resulting damage will play important roles in those claims. Ergo, Sheet Metal was not improperly joined.

The state court's severance reinforces this conclusion. In American Zurich's own words, "the state court's ruling makes clear that it found the joinder of the Plaintiffs' extracontractual claims against [it] with the negligence and subrogation claims against Sheet Metal improper." ECF No. 9 at 27. Importantly, though, the state court did *not* conclude that Sheet Metal was improperly joined as a defendant because it left the negligence claim against Sheet Metal together with the contractual claim against American Zurich. If the court thought Sheet Metal was improperly joined, it would have severed (or dismissed) Sheet Metal and left the claims against American Zurich together. Indeed, that is exactly what American Zurich asked the state court to do, but it declined—instead devising its own, novel severance scheme. ECF No. 9 at 28 (explaining that "American Zurich originally requested the severance of Sheet Metal's negligence claim into another case").

As a final defense, American Zurich cites *Crockett v. R.J. Reynolds Tobacco Company*, 436 F.3d 529 (5th Cir. 2006). In *Crockett*, the plaintiff sued a group of healthcare defendants for medical negligence and malpractice and a group of tobacco defendants for product liability. *Id.* at 533. The state court severed the claims because "the burden of proof to sustain" them was "totally different." *Id.* Even

though the plaintiff opposed the severance initially, he did not appeal it. *Id.* The Fifth Circuit found that the state court's "severance decision was tantamount to a finding of improper joinder" and held that the voluntary-involuntary rule therefore did not apply. *Id.*

American Zurich argues that *Crockett* controls this case, contending that "the improper joinder exception can be applied to an order by the state court severing valid claims against non-diverse defendants when the severance order creating diversity was not appealed." ECF No. 9 at 26. But its reliance on *Crockett* is misplaced for a few reasons. First, the operative question under *Crockett* is whether the state court's severance was "tantamount to a finding of" improper joinder. *Crockett*, 436 F.3d 529, at 533. As explained above, Plaintiffs properly joined Sheet Metal because their negligence claim arose out of the same occurrence as its claims against American Zurich. The state court concluded the same thing, which is why it did not sever Sheet Metal from the main case. The Court cannot conclude that the severance was "tantamount to a finding of" improper joinder if the state court permitted Plaintiffs to continue to press their claims against Sheet Metal alongside their contractual claim against American Zurich.

Second, *Crockett* dealt with a severance of dissimilar claims. Here, the state court severed Plaintiffs' contractual claim from their extracontractual claims. But as the Fifth Circuit recently observed, "'breach of contract and bad faith [i.e.,

extracontractual] claims are largely interwoven' under Texas law." *Thompson v. State Farm Lloyds*, No. 24-20519, 2026 WL 1419376, at *5 (5th Cir. May 20, 2026) (cleaned up) (quoting *Advanced Indicator*, 50 F.4th at 477). As Plaintiffs rightly point out, "establishing a breach of contract will be a necessary precursor to establishing extracontractual liability." ECF No. 5 at 10; *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 490 (Tex. 2018) (holding that generally "there can be no claim for bad faith denial of an insured's claim for policy benefits when an insurer has promptly denied a claim that is in fact not covered" (cleaned up) (quoting *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 341 (Tex. 1995))). Given their similarity and interdependence, it is unclear why the state court severed Plaintiffs' claims. Regardless, unlike the dissimilar claims at issue in *Crockett*, the claims severed here have similar burdens of proof.

Third, the state court in *Crockett* severed *defendants*, splitting up the healthcare and tobacco defendants to "be tried in separate suits." 436 F.3d at 532–33. Unlike *Crockett*, the state court here severed *claims*, splitting up the contractual claim against American Zurich from the extracontractual claims. Rather than American Zurich and Sheet Metal getting their own separate suits—like the healthcare and tobacco defendants did in *Crockett* and like American Zurich asked for in its motion to sever—American Zurich remains in *both* suits, just defending slightly different (albeit closely related) claims. If the "chief consideration" of the

voluntary-involuntary rule "is judicial economy" and avoiding parallel proceedings, *Flores v. Nat'l Van Lines, Inc.*, No. EP-17-CV-00003-KC, 2017 WL 10765311, at *3 (W.D. Tex. May 12, 2017), even more reason to apply it here and avoid duplicative rulings on the breach of contract issue, which "remains in state court" and presents "a necessary factor in establishing" Plaintiffs' extracontractual claims. ECF No. 5 at 11.

Fourth, the plaintiff in *Crockett* "elected not to appeal" the state-court severance order. 436 F.3d 529, at 533. As the Fifth Circuit later explained, "[w]hen a state court order creates diversity jurisdiction and that order cannot be reversed on appeal, our precedent treats the voluntary-involuntary rule as inapplicable." *Hoyt*, 927 F.3d at 297. Here, American Zurich argues that "Plaintiffs have yet to appeal the state court's" severance. ECF No. 9 at 19. It claims they could seek a writ of mandamus to reverse the severance, but they "have not sought any such relief" and "have arguably waived their right to appeal the severance order" unless they can justify the delay. *Id.* at 20.

American Zurich forgets that, as the removing party, it "bears the burden of showing that . . . removal was proper." *Allstate Vehicle*, 2024 WL 150733, at *2 (quoting *Manguno*, 276 F.3d at 723). It provides no evidence or argument that Plaintiffs cannot justify any delay in appealing the state court's order. In fact, it admits there is no "deadline for a party to appeal a severance order through a writ of

mandamus." ECF No. 9 at 20. It also cites no case law explaining whether Plaintiffs must challenge the severance through mandamus or whether they can challenge it later through the normal state-court appeal process. Put simply, American Zurich has not met its burden to show that the state court's severance "*cannot be* reversed on appeal." *Hoyt*, 927 F.3d at 297 (emphasis added).

To the extent there exists any doubt about how *Crockett* applies to this case, it "must be resolved in favor of remand" to respect the fundamental concerns of federalism. *Allstate Vehicle*, 2024 WL 150733, at *2 (quoting *Gasch*, 491 F.3d at 281–82). American Zurich fails to clearly establish that the improper-joinder exception applies to this novel—and unprecedented—situation. Thus, the voluntary-involuntary rule applies, meaning removal was improper. The case should be remanded.

## IV.   CONCLUSION

Accordingly, the Court **RECOMMENDS** Plaintiffs' motion to remand, ECF No. 5, be **GRANTED**.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).**

Signed at Houston, Texas, on May 25, 2026.

**Dena Hanovice Palermo**
**United States Magistrate Judge**